(Nos. 4058 and 4059

FRANK C. WEBER, M.D., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 20, 1949.*

FRANK C. WEBER, Claimant, pro se.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

Delaney, J.

On January 8, 1948, the claimants filed their complaints in both of the above captioned cases which were later consolidated.

The complaints allege that on September 25, 1945, Kathryn S. Clark, an employee of the Illinois Public Aid Commission, was injured in the City of Olney, Illinois, while engaged in the performance of her duties. Claimants further allege that at the direction and request of the respondent, professional services were rendered Kathryn S. Clark.

The record consists of complaint, motion of respondent to dismiss, notice to call up motion to dismiss, reply of claimant, transcript of evidence, commissioner's report, and waiver of brief of claimant.

Section 24 of the Workmen's Compensation Act, (Chapter 48, Paragraph 161, Illinois Revised Statutes 1947) provides:

"161. No proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable but not later than thirty days after the accident, except in cases of hernia, in which cases notice shall be given the employer within fifteen days after the accident. In case of mental incapacity of the employee or any dependents of a deceased employee who may be entitled to compensation under the provisions of this Act, the limitations of time by this Act provided shall not begin to run against said mental incompetents until a conservator or guardian has been appointed: Provided that where such limitation bars an adult mentally competent member of a class of beneficiaries entitled to receive compensation for death, such limitation shall then bar all beneficiaries notwithstanding that another or others be mentally or otherwise incapacitated or incompetent.

"No defect or inaccuracy of such notice shall be a bar to the maintenance of proceedings of arbitration or otherwise by the employee unless the employer proves that he is unduly prejudiced in such proceedings by such defect or inaccuracy. Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing; provided, no proceedings for compensation under this Act shall be maintained unless claim for com-

pensation has been made within six months after the accident, provided, that in any case, unless application for compensation is filed with the Industrial Commission within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred; Provided, further, that if the accidental injury results in death within said year, application for compensation for death may be filed with the Industrial Commission within one year after the date of death, but not thereafter. As amended by act approved July 24, 1939."

Section 22 of the Court of Claim Act, (Chapter 37, Paragraph 439.22, Illinois Revised Statutes 1947) provides:

"439.22. Every claim cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the clerk of the court within two years after it first accrues, saving to infants, idiots, lunatics, insane persons and persons under other disability at the time the claim accrues two years from the time the disability ceases."

The complaint shows on its face that more than two years had elapsed from the date of the alleged damages to the filing of the complaints. Therefore, under the law, this court is without jurisdiction to hear and determine these claims for the reason that the statute of limitations had run against the claimants.

Having concluded that we are without jurisdiction to hear and determine this claim, it becomes unnecessary to discuss any other questions.

The motion of the Attorney General is allowed. Complaint dismissed.